SEAN C. CUNNINGHAM (Bar No. 174931)
sean.cunningham@dlapiper.com
ERIN P. GIBSON (Bar No. 229305)
erin.gibson@dlapiper.com
JACOB D. ANDERSON (Bar No. 265768)
jacob.anderson@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

BRENT K. YAMASHITA (Bar No. 206890)
brent.yamashita@dlapiper.com
ROBERT BUERGI (Bar No. 242910)
robert.buergi@dlapiper.com
SUMMER KRAUSE (Bar No. 264858)
summer.krause@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA  94303-2215
Tel:  650.833.2000
Fax:  650.833.2001

Attorneys for PLAINTIFF
OVERLAND STORAGE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OVERLAND STORAGE, INC.,<br><br>   Plaintiff/Counterclaim-Defendant,<br><br>  v.<br><br>SPECTRA LOGIC CORPORATION,<br><br>   Defendant/Counterclaimant. | Case No.  12-cv-01597-JLS-BLM<br><br>**OVERLAND STORAGE, INC.'S OPPOSITION TO SPECTRA LOGIC CORPORATION'S MOTION TO STAY LITIGATION PENDING THE FINAL DETERMINATION IN A RELATED PROCEEDING BEFORE THE INTERNATIONAL TRADE COMMISSION**<br><br>Date:  December 6, 2012<br>Time:  1:30 p.m.<br>Judge:  Hon. Janis L. Sammartino<br>Ctrm:  6, 3rd Floor |

## I. INTRODUCTION

Plaintiff Overland Storage, Inc. ("Overland Storage") opposes Defendant Spectra Logic Corporation's ("Spectra Logic") motion to indefinitely stay this case pending the "final" resolution of Overland Storage's patent infringement lawsuit against different accused infringers at the International Trade Commission ("ITC"). The Administrative Law Judge in the ITC found in an Initial Determination that Overland Storage's U.S. Patent No. 6,328,766 was infringed and not invalid, despite a vigorous challenge by IBM Corporation, Dell Inc., and BDT AG and its affiliated BDT entities. Thus, Overland Storage filed this lawsuit against Spectra Logic to further protect and enforce its valid patent rights. Spectra Logic's requested stay would cause irreparable harm to Overland Storage because it would delay Overland Storage's ability to halt its direct competitor Spectra Logic's willful infringement, while Spectra Logic continues to undercut Overland Storage in the marketplace. By contrast, Spectra Logic's motion fails to identify any harm or inequity that it would suffer if the Court does not grant Spectra Logic's motion. Spectra Logic's failure of proof is dispositive under Supreme Court precedent, as set forth below.

Thus, the Court should deny Spectra Logic's motion for at least three reasons:

<u>First</u>, under the plain language of the statute, the Court cannot stay this case pursuant to 28 U.S.C. § 1659, which is the statute that Overland Storage previously agreed required a stay in its co-pending action against BDT AG and affiliated BDT entities before this Court. Section 1659 permits a defendant to demand a stay of a district court lawsuit involving the same parties and patents as an ITC investigation until final resolution of the ITC investigation through Federal Circuit appeal. By contrast, this case involves a different party—Spectra Logic—which is not a party to the ITC investigation. Thus, Spectra Logic cannot invoke Section 1659 to support a stay here, and Spectra Logic's reliance on Section 1659 analysis and authority is not persuasive.

<u>Second</u>, because Section 1659 cannot apply here, Spectra Logic must argue for a discretionary stay. Under Supreme Court precedent, Spectra Logic "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936). But Spectra Logic does not even attempt to show that its requested stay is

necessary to prevent a "clear case of hardship or inequity." Spectra Logic points to no prejudice that it would suffer absent a stay, other than having to defend this lawsuit, which the Ninth Circuit has ruled is insufficient. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("[B]eing required to defend a suit does not constitute a clear case of hardship or inequity within the meaning of *Landis*.") (internal quotation marks omitted).

By contrast, Overland Storage can point to substantial harm that it will suffer if it were denied the opportunity to enforce its valid patent rights promptly and in the manner that Congress intended. Overland Storage would be required to wait, possibly for years, to pursue its right to remedy Spectra Logic's willful infringement while a different ITC action against different parties runs its course through Federal Circuit appeal. In addition, a stay would not promote judicial economy. Different parties and, thus, different fact witnesses, will be involved. While some of the accused products may be similar to those involved in the ITC—because some Spectra Logic products are supplied by the BDT Defendants—many other accused products sold by Spectra Logic are different. Moreover, because Spectra Logic is not a respondent in the ITC proceedings, neither the ITC nor the Federal Circuit will consider any of Spectra Logic's arguments or theories regarding invalidity or infringement. At bottom, any marginal efficiency that may be gained by a stay would be heavily outweighed by prejudice to Overland Storage.

<u>Third</u>, a stay of this case would set a dangerous precedent. It would open the door for accused infringers to prevent a competitor's timely enforcement of its patent rights in district court simply because the same patentee asserted those patent rights against different parties in another forum. In such a situation, there will almost always be some overlapping issues to which an accused infringer can highlight to suggest that "judicial efficiency" will be served by a stay. But unless the defendant can meet the stringent requirement for a mandatory stay under 28 U.S.C. § 1659, or meet the high burden for a discretionary stay established by the Supreme Court in *Landis*, a patentee should be allowed to avail itself promptly of the remedies that Congress has prescribed for patent infringement. The Court should reject Spectra Logic's implicit invitation to radically expand the scope of Section 1659 to cover co-pending district court actions involving different parties, whether directly or in the guise of a discretionary stay.

## II. FACTUAL BACKGROUND

On June 28, 2012, Overland Storage filed this lawsuit against Spectra Logic for infringement of United States Patent Nos. 6,328,766 ("the '766 patent") and 6,353,581 ("the '581 patent") (collectively, the "asserted patents"). Overland Storage's complaint accuses several Spectra Logic automated tape libraries of infringing either or both of the asserted patents, including the Spectra T-Finity Library, the Spectra T950 Library, the Spectra T680 Library, the Spectra T380 Library, the Spectra T200 Library, the Spectra T120 Library and the Spectra T50e Library. *See* Dkt. No. 1, ¶¶ 19, 28.

In 2010, Overland Storage previously asserted the '766 and '581 patents against different parties in this District ("the BDT District Court Case")[1] and in the International Trade Commission ("the ITC Investigation"). Those parties included IBM Corporation, Dell Inc., and BDT AG and affiliated BDT entities. *See Overland Storage, Inc. v. BDT AG, et al.*, Case 3:10-cv-01700-JLS-BLM, Dkt. No. 14 (S.D. Cal. Oct. 20, 2010); *Certain Automated Media Library Devices*, 337-TA-746, Amended Complaint (Nov. 9, 2010). In the ITC Investigation, Chief Administrative Law Judge Bullock found that the BDT Defendants' automated tape libraries—some of which are purchased and resold by Spectra Logic—infringe each of the asserted claims of the '766 patent, and upheld the validity of the '581 patent. *See* Declaration of Erin Gibson ("Gibson Decl."), Ex. A (Initial Determination) at 25-34, 37-56, 93-109.

At no time has Overland Storage identified Spectra Logic as a party in either the BDT District Court Action or the ITC Investigation. Instead, Overland Storage subpoenaed Spectra Logic in the ITC Investigation in May 2011 after Overland Storage learned that Spectra Logic purchases some of its infringing automated tape libraries from the BDT Defendants. Gibson Decl., Ex. B (Overland Storage Subpoenas to Spectra Logic). However, Spectra Logic refused to comply with Overland Storage's subpoenas unless Overland Storage would guarantee that Overland Storage would not sue Spectra Logic for its infringement of the asserted patents. Gibson Decl., Ex. C (Spectra Logic E-Mail to Overland Storage) ("I think your client [Overland

---

[1] As Spectra Logic's motion noted, the BDT District Court Case is stayed pursuant to 28 U.S.C. § 1659. *Overland Storage, Inc. v. BDT AG, et al.*, Case 3:10-cv-01700-JLS-BLM, Dkt. No. 29.

Storage] simply needs to decide which is more important to it -- evidence that might support it's [sic] present litigation [in the ITC Investigation] or holding on to potential future defendants. It appears to us that we would all be better off if they opted for the former."). Not surprisingly, Overland Storage refused to waive its infringement claims against Spectra Logic, and Overland Storage will rely upon Spectra Logic's request for a guarantee as proof of its willful infringement.

### III.     LEGAL STANDARDS

As Spectra Logic's motion notes, a district court action can be subject to a mandatory stay pursuant to 28 U.S.C. § 1659 pending the resolution of a parallel ITC investigation involving the same parties. Dkt. No. 13-1 at 2, citing 28 U.S.C. § 1659(a). In that situation, a defendant who is also a respondent in a parallel ITC action can request the Court enter a mandatory stay. 28 U.S.C. § 1659. Under a plain reading of Section 1659, the statute does not apply where the same patents are asserted in ITC and district court actions, but are asserted against different parties. *See id.*

If a statutory stay is inapplicable, the proponent of a discretionary stay must carry a heavy burden to show it is needed. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997). The Supreme Court stated that the moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255. In addition, the Ninth Circuit Court of Appeals has made clear that simply "being required to defend a suit does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112 (internal quotation marks omitted). Specifically, district courts should consider (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962), citing *Landis*, 299 U.S. at 254-55; *LG Elecs., Inc. v. Eastman Kodak Co.*, No. 09-CV-0344 H (BLM), 2009 WL 1468703, at *3 (S.D. Cal. May 26, 2009).

At least one district court in the Ninth Circuit has applied *Landis* and denied a motion to stay under very similar circumstances to the instant case. *See Am. Honda Motor Co., v. Coast*

-4-

*Distrib. Sys., Inc.*, No. C 06-04752 JSW, 2007 WL 672521 (N.D. Cal. Feb. 26, 2007). In *American Honda Motor Co.*, the defendant sought to stay its district court proceedings pending resolution of an ITC investigation initiated against the supplier of the defendant's accused products. *Id.* at *1. Notwithstanding the obvious similarities between the district court case and the ITC investigation, the district court held that neither a statutory nor a discretionary stay was warranted. *Id.* The district court emphasized that (1) the patentee would suffer irreparable harm if its ability to seek injunctive relief were delayed, (2) duplicative discovery requests did not constitute a clear case of hardship or inequity, and (3) a stay would not further judicial economy because the ITC investigation and the district court cases involved different parties and some different products. *Id.* at *1-2.

## IV.   ARGUMENT

### A.   This Case Cannot Be Stayed Pursuant To 28 U.S.C. § 1659 Because Spectra Logic Is Not A Party To The ITC Investigation.

Spectra Logic admits that a mandatory stay under Section 1659 is not appropriate because Spectra Logic is not a party to the ITC Investigation. Dkt. No. 13-1 at 3. Despite this admission, Spectra Logic's motion suggests that Section 1659 somehow supports its motion to stay this case based on the purported interrelatedness of the ITC Investigation and Overland Storage's case against Spectra Logic. *See id.* ("The instant lawsuit is not subject to the automatic stay provisions of 28 U.S.C. § 1659(a), since Spectra Logic is not a party in the ITC proceeding. Nevertheless, Overland has tried to take discovery of Spectra Logic as a third-party in connection with the ITC proceeding."). And Spectra Logic's motion relies on inapplicable Section 1659 analysis and authority in support of its requested stay. *Id.* at 2 (adding emphasis to block quotation of 28 U.S.C. § 1659(a)), at 5 (citing *In re Princo Corp.*, 478 F.3d 1345 (Fed. Cir. 2007) (applying Section 1659; not considering a discretionary stay)). None of this analysis or authority applies here, because Section 1659 is clear that the same <u>parties</u> must be involved in both the ITC and parallel district court lawsuits in order to justify a stay under Section 1659. It does not matter if some of the same accused products or asserted patents are at issue, or if any other purported

/////

-5-

relatedness of issues exists.  *See* 28 U.S.C. § 1659(a).  The Court should reject Spectra Logic's reliance on inapposite Section 1659 authority to support a stay here.

### B. Spectra Logic Has Not Met Its Extraordinary Burden Of Proof Required For A Discretionary Stay.

Spectra Logic points to no legitimate prejudice it would suffer without a stay, because there is none.  Indeed, the hardship attendant with being forced to defend a lawsuit is irrelevant when considering whether to grant a stay.  *See Lockyer*, 398 F.3d at 1112 ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.").  Because Spectra Logic offers no evidence or facts showing any hardship other than having to defend this lawsuit, it has not met its extraordinary burden of showing a discretionary stay is warranted based on a "clear case of hardship or inequity." *Landis*, 299 U.S. at 255.  This is fatal to Spectra Logic's motion.

In wholly ignoring its burden of proof, Spectra Logic incorrectly suggests that the Court should simply "consider" three factors in a vacuum: "(1) whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." Dkt. No. 13-1 at 4, citing *In re Cygnus Telecomm. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).  But, as the district court expressly noted in *Cygnus Telecommunications*, those factors address "the appropriateness of a stay pending reexamination"—not a stay pending an ITC investigation involving separate parties.  *See id.*  Thus, Spectra Logic's purported authority does not pertain to the type of discretionary stay it seeks and is not persuasive or controlling here.

In fact, as noted above, when considering a discretionary motion to stay an action pending an ITC investigation, the district court should consider: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *See Am. Honda Motor Co.*, 2007 WL 672521, at *1, quoting *CMAX, Inc.*, 300 F.2d at 268; *LG Elecs., Inc.*, 2009 WL 1468703, at *3, quoting *Landis*, 299 U.S. at 254-55.

1  Thus, this test requires that Spectra Logic show "the hardship or inequity" that will result if its
2  motion to stay is denied, and requires Spectra Logic to satisfy the burden of persuasion as to each
3  factor. *See, e.g.*, *Am. Honda Motor*, 2007 WL 672521, at *2 ("[T]he defendant did not meet his
4  burden to show the plaintiff would not be harmed if litigation is delayed.").

5  Even if Spectra Logic had applied the proper test, it cannot show it would suffer any harm
6  or inequity in being required to move forward with this case. As stated above, "being required to
7  defend a suit does not constitute a clear case of hardship or inequity within the meaning of
8  *Landis*." *Lockyer*, 398 F.3d at 1112. And Overland Storage has filed only one lawsuit against
9  Spectra Logic, so Spectra Logic is not required to litigate the same issues in separate jurisdictions.
10 Furthermore, when Spectra Logic was subpoenaed in the ITC Investigation, Spectra Logic
11 refused to cooperate with Overland Storage's reasonable subpoena without an agreement that
12 Overland Storage would not sue it for infringement of the asserted patents, effectively alerting
13 Overland Storage to Spectra Logic's ongoing willful infringement. *See* Gibson Decl., Ex. C.
14 Now that Overland Storage has filed this case to vindicate its intellectual property rights, Spectra
15 Logic cannot credibly claim that going forward with that case establishes clear hardship.

16  **C.   A Stay Would Irreparably Harm Overland Storage By Allowing Its Direct
         Competitor Spectra Logic To Continue Willfully Infringing Overland
17       Storage's Patents.**

18 Overland Storage will be substantially and irreparably harmed by Spectra Logic's ongoing
19 willful infringement of Overland Storage's intellectual property if Spectra Logic's motion to stay
20 is granted. The Federal Circuit has recognized the existence of a "strong public policy favoring
21 expeditious resolution of litigation." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1080 (Fed.
22 Cir. 1989); *see also Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463-64 (Fed. Cir. 1990) ("The
23 public policy favoring expeditious resolution of disputes is of particular weight when dealing with
24 wasting assets such as patents."). Moreover, "[i]t is the duty of courts to avoid unnecessary delay
25 in resolving the rights of litigants." *Kahn*, 889 F.2d at 1080.
26 Spectra Logic is seeking to stay this case for an indefinite period of time pending resolution of all
27 Federal Circuit appeals and potential remands of the ITC Investigation, when Spectra Logic is not
28 a party to the ITC Investigation. The target date for a Final Determination from the ITC is

-7-

October 22, 2012, after which appeals can be taken. Thus, the stay Spectra Logic requests would last at least approximately 15 months, and likely much longer if the appeal does not proceed as expeditiously as possible, or if any portion of the ITC Investigation is remanded for further proceedings. *See* Gibson Decl., Ex. E (Federal Circuit Disposition Statistics). During this long and indefinite stay, Spectra Logic can continue to willfully infringe Overland Storage's patents. Notably, Spectra Logic has been admittedly aware of Overland Storage's infringement allegations since at least May 2011, but has continued to sell those infringing products.[2] Furthermore, Spectra Logic has known since at least July 2012 that the Chief Administrative Law Judge found that those same accused products infringe the claims of the '766 patent. *See* Gibson Decl., Ex. A (public initial determination); Ex. D (Spectra Logic article) (stating that Spectra Logic "has watched [the ITC Investigation] closely since its inception"). Thus, a delay in Overland Storage's ability to halt Spectra Logic's willful infringement will prejudice Overland Storage. *See, e.g.*, *LG Elecs., Inc.*, 2009 WL 1468703, at *3; *Rambus Inc. v. NVIDIA Corp.*, No. C 08-3343 SI, 2008 WL 5427599, at *2 (N.D. Cal. Dec. 30, 2008) (same).

In addition, Overland Storage will suffer irreparable harm if this case is stayed pending final resolution of the ITC Investigation through any appeals. Overland Storage's own patent-protected automated tape libraries compete with Spectra Logic's infringing tape libraries, and Spectra Logic's continued infringement will result in eroded market share and a loss of goodwill. *See* Initial Determination at 57 (finding that eight Overland Storage tape libraries practice at least two claims of the '766 patent); Gibson Decl., Ex. D (referring to Overland Storage as "a San Diego-based competitor" of Spectra Logic). To mitigate this irreparable harm, Overland Storage is seeking injunctive relief in this case. *See, e.g.*, Dkt. No. 1, Prayer for Relief, ¶ 3. The requested stay will delay Overland Storage's ability to obtain injunctive relief, and will further exacerbate the irreparable harm that Spectra Logic's willful infringement will cause Overland Storage. This independently defeats Spectra Logic's motion, because Spectra Logic cannot show

---

[2] Spectra Logic's suggestion that Overland Storage was dilatory in bringing the instant lawsuit after learning about Spectra Logic's infringement in 2011 is without merit. Dkt. No. 13-1 at 5. The Federal Circuit has stated that "[a] patentee does not have to sue all infringers at once. Picking off one infringer at a time is not inconsistent with being irreparably harmed." *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 975 (Fed. Cir. 1996).

that Overland Storage will not be harmed by a stay. *See Am. Honda Motor Co. Inc.*, 2007 WL 672521, at *2 ("[B]ecause it is not clear to the Court only money damages are at issue, . . . the defendant did not meet his burden to show the plaintiff would not be harmed if litigation is delayed.").

In addition, courts have cautioned that any stay may result in the loss of testimonial and documentary evidence, which is certainly true where a stay may last as long as Spectra Logic's requested stay. In *LG Electronics, Inc.*, this Court denied such a stay on, among other things, these grounds:

> The Supreme Court has reversed stays to avoid such harm, recognizing that delaying a trial increases the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts. This danger is inherent in any stay and is a factor that the Court must consider. Testimonial evidence is more reliable when obtained soon after the relevant events. Moreover, as the parties' naturally experience turnover in workforces during a stay, they may lose their ability to compel deposition and trial testimony from employees who leave the companies. There is also the unavoidable risk that important documents might be lost during the delay caused by a stay in this case.

2009 WL 1468703, at *3 (citations omitted).

In sum, Spectra Logic's request for a discretionary stay would prejudice Overland Storage. The Court should permit Overland Storage to pursue its right to exclude its competitors, such as Spectra Logic, from unfairly competing against Overland Storage by selling products that infringe Overland Storage's patents.

**D.    A Stay Of This Case Would Not Promote Judicial Efficiency.**

A stay of this case would not be efficient, and any small efficiencies gained by a stay would not justify the substantial and irreparable harm that Overland Storage would suffer if the Court were to grant Spectra Logic's motion. Instead, a stay would needlessly delay the resolution of Overland Storage's claims in this case. A court should not exercise its inherent authority to stay proceedings when it would result in an unjustified delay of resolution of the action. *Kahn*, 889 F.2d at 1080.

Spectra Logic argues that this Court will have the benefit of the ITC's claim construction terminology, infringement analysis, and invalidity analysis, and ultimately "<u>might</u> have the further advantage of the Federal Circuit's analysis and thinking regarding such issues, some of

-9-

which may ultimately be binding in this case." *See* Dkt. No. 13-1 at 4-5, emphasis added. However, ITC determinations are not binding on this Court, *see Tex. Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996), the Administrative Law Judge has already provided his claim constructions, and the Commission will issue its decision on or around October 22, 2012.

And the potential for appeal should not support the extraordinary remedy of a discretionary stay, because the potential for appeal to the Federal Circuit exists for every patent case. In addition, and contrary to Spectra Logic's arguments, Overland Storage has accused many Spectra Logic tape libraries of infringing in this case that do not appear to be the same as any accused products in the ITC Investigation, including the Spectra T-Finity Library, the Spectra T950 Library, the Spectra T680 Library, the Spectra T380 Library, the Spectra T200 Library and the Spectra T120 Library. Moreover, because Spectra Logic is not a respondent in the ITC proceedings, the ITC will not consider any of Spectra Logic's arguments or theories regarding invalidity or infringement. *See Saxon Innovations, LLC v. Palm Inc.*, No. 6:09-CV-272, 2009 WL 3755041, at *2 (E.D. Tex. Nov. 4, 2009) (finding it unlikely that a stay would simplify the issues where the defendant was not a respondent in the ITC investigation; thus, the ITC would not consider defendant's infringement or invalidity theories).

In sum, this case presents numerous legal and factual issues for which the Federal Circuit cannot provide guidance on appeal of the ITC Investigation, because those issues (like Spectra Logic) were not involved in the ITC Investigation. The lack of judicial efficiency does not support a stay.

**V.   CONCLUSION**

Because Spectra Logic has not met the extraordinary requirements for this Court to enter a mandatory or discretionary stay of this lawsuit, the Court should deny Spectra Logic's motion.

Dated: October 8, 2012           **DLA PIPER LLP (US)**

By  */s/ Sean C. Cunningham*
SEAN C. CUNNINGHAM
Attorneys for Plaintiff
OVERLAND STORAGE, INC.

-10-

WEST\239046846.1

12-cv-01597-JLS-BLM

DLA PIPER LLP (US)
SAN DIEGO