1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OVERLAND STORAGE, INC.,<br><br>                Plaintiff,<br><br>   vs.<br><br>SPECTRA LOGIC CORPORATION,<br><br>                Defendant.<br>_____<br>OVERLAND STORAGE, INC.,<br><br>                Plaintiff,<br><br>   vs.<br><br>PIVOTSTOR, LLC,<br><br>                Defendant.<br>_____<br>OVERLAND STORAGE, INC.,<br><br>                Plaintiff,<br><br>   vs.<br><br>QUALSTAR CORPORATION,<br><br>                Defendant. | CASE NOS. 12-CV-1597 JLS (BLM),<br>12-CV-1598 JLS (BLM),<br>12-CV-1605 JLS (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR DISCRETIONARY STAY**<br><br>(12-CV-1597, ECF No. 13)<br>(12-CV-1598, ECF No. 13)<br>(12-CV-1605, ECF No. 25) |

Presently before the Court are three motions filed by Defendants in three related patent infringement cases brought by Plaintiff Overland Storage, Inc. (12-CV-1597, ECF No. 13; 12-CV-1598, ECF No. 13; 12-CV-1605, ECF No. 25.) Defendants in all three cases seek to stay litigation pending the determination of *In re Certain Automated Media Library Devices*, International Trade Commission Investigation ("ITC") No. 337-TA-746 ("Investigation No. 337"). Also before the Court are the parties' oppositions and replies. (12-CV-1597, ECF Nos. 19-20; 12-CV-1598, ECF Nos. 19-20; 12-CV-1605, ECF Nos. 27-28.)

For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motions for a discretionary stay. The Court **GRANTS IN PART** Defendants' motions to stay the case until March 25, 2013, or a Final Determination from the ITC in Investigation Number 337, whichever comes first, and **DENIES IN PART** Defendants' motions to stay the case during the duration of any appeals of the Final Determination from the ITC.

## BACKGROUND

Presently before the Court are six related cases, all involving patent infringement claims brought by Plaintiff Overland Storage, Inc. ("Overland") against various Defendants. In the lead case, *Overland Storage, Inc. v. BDT AG (Germany) et al*, Case No. 10-CV-1700 ("lead case" or "1700"), Overland brought claims against Defendants BDT AG, BDT Products, Inc., BDT-Solutions GmbH & Co. KG, BDT Automation Technology (Zhufai FTZ) Co., Ltd., BDT de México, S. de R.L. de C.V., Dell Inc., and International Business Machines Corp. (collectively, "BDT Defendants") for directly and indirectly infringing two of its patents: (1) U.S. Patent Number 6,328,766 ("the '766 patent"); and (2) U.S. Patent Number 6,353,581 ("the '581 patent"). (1700, ECF No. 14.)

On October 20, 2010, Overland filed a complaint with the ITC on the '766 patent seeking to enjoin the importation of BDT Defendants' products. (1700, ECF No. 21-1 Exh. A.) BDT Defendants then filed an *ex parte motion* with this Court to stay litigation pursuant to 28 U.S.C. § 1659(a). (1700, ECF No. 21.) On December 8, 2010, the Court issued an Order granting BDT Defendants' *ex parte* motion to stay. (1700, ECF No. 29.)

In five later cases, all filed on June 28, 2012, Overland also separately sued Spectra Logic

Corporation ("Spectra Logic"),[1] Nickel Technologies, Inc. dba Pivotstor (erroneously sued as PivotStor LLC) ("Pivotstor"),[2] Quantum Corporation together with Venture Corporation Limited (collectively, "Quantum"),[3] Tandberg Data GMBH together with Tandberg Data Corporation (collectively, "Tandberg"),[4] and Qualstar Corporation ("Qualstar").[5] In the cases against Spectra Logic, Pivotstor, and Quantum, Overland asserted infringement claims based on both the '766 and '581 patents. In the cases against Tandberg and Qualstar, Overland asserted infringement claims based only on the '766 patent.

There is at least some business relationship between Defendants and the BDT Defendants. BDT is the original equipment manufacturer ("OEM") for Spectra Logic, and Overland has previously attempted to take discovery of Spectra Logic as a third-party in connection with the ITC proceeding. (1597, ECF No. 13-1 at 3.) BDT is also the OEM for PivotStor, and several of its accused devices are Pivotstor branded versions of BDT's accused products in the 1700 action and its related ITC investigation. (1598, ECF No. 13-1 at 3.)

Defendants Spectra Logic, Pivotstor, and Qualstar (collectively, "Defendants") have now separately moved to stay litigation pending the final determination of the ITC proceeding between Overland and BDT Defendants, *In re Certain Automated Media Library Devices*, ITC Investigation No. 337-TA-746.

**LEGAL STANDARDS**

At the request of a party to a civil action that is also a respondent in proceedings before the ITC under section 337 of the Tariff Act of 1930, "the district court shall stay, until the determination of the [ITC] becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the [ITC]." 28 U.S.C. § 1659(a). The request for stay must be made within thirty days after the party is named in the proceeding before the

---

[1] *Overland Storage, Inc. v. Spectra Logic Corporation*, 12-CV-1597 JLS (BLM).

[2] *Overland Storage, Inc. v. Pivotstor, LLC*, 12-CV-1598 JLS (BLM).

[3] *Overland Storage, Inc. v. Quantum Corporation et al*, 12-CV-1599 JLS (BLM).

[4] *Overland Storage, Inc. v. Tandberg Data GMBH et al*, 12-CV-1604 JLS (BLM).

[5] *Overland Storage, Inc. v. Qualstar Corporation*, 12-CV-1605 JLS (BLM).

1 ITC or thirty days after the district court action is filed, whichever is later. 28 U.S.C. § 1659(a)(1)–(2). "The purpose of § 1659(a) [is] to prevent infringement proceedings from occurring 'in two forums at the same time.'" *In re Princo Corp.*, 486 F.3d 1365, 1368 (Fed. Cir. 2007).

"District courts have inherent authority to stay proceedings before them." *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to stay an action, courts must weigh competing interests that will be affected by the granting or refusal to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis*, 299 U.S. at 254-55).

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255.) "If there is even a fair possibility that the stay for which [the movant] prays for will work damage to someone else," the movant "must make out a clear case of hardship or inequity in being required to go forward." *CMAX*, 300 F.2d at 268 (quoting *Landis*, 299 U.S. at 255).

Subject to these standards, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, LTD.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id*. at 863-64. However, the Federal Circuit recognizes the existence of a "strong public policy favoring expeditious resolutions of litigation." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989).

# ANALYSIS

1. **Applicable Standard for Discretionary Stay**

All parties agree that an automatic stay pursuant to 28 U.S.C. § 1659(a) does not apply to Defendants, as they are not respondents in the ITC proceedings. However, there is some dispute as to the applicable legal standard governing a discretionary stay pending an ITC investigation.

Defendants, citing *In re Cygnus Telecommunications Tech., LLC*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005), assert that the Court should consider three factors: (1) whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. (1597, ECF No. 13-1 at 4; 1598, ECF No. 13-1 at 3, 1605, ECF No. 25-1 at 4.) Overland disagrees, arguing that the *Cygnus* factors address "the appropriateness of a stay pending reexamination" and not a stay pending an ITC investigation involving separate parties. Overland argues that the Court should instead consider the *Landis* factors: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. (1597, ECF No. 19 at 6; 1598, ECF No. 19 at 6; 1605, ECF No. 27 at 8.)

As a preliminary matter, the Court finds that the *Cygnus* factors, although helpful in determining the competing interests to be weighed for a discretionary stay, are not wholly dispositive. Several district courts within the Ninth Circuit have applied the *Landis* factors to determine the appropriateness of a stay pending an ITC investigation. Only one court, in an unreported opinion from the Eastern District of Texas, has applied the *Cygnus* factors in the context of a parallel ITC investigation. *Saxon Innovations, LLC v. Palm, Inc.*, No. 09-cv-272, 2009 WL 3755041 (E.D. Tex. Nov. 4, 2009).[6]

However, this does not mean that the *Cygnus* factors are completely inapplicable. As indicated by Defendant Qualstar in its reply, there is at least some overlap between the *Cygnus* and *Landis*

---

[6] Furthermore, that court expressly states the factors are considered "[i]n deciding whether to stay litigation *pending reexamination*," and not an ITC investigation. *Saxon Innovations, LLC*, No. 09-cv-272, 2009 WL 3755041 at *2 (E.D. Tex. Nov. 4, 2009) (emphasis added).

factors. (1605, ECF No. 28 at 2.) Therefore, the Court considers the *Cygnus* factors and Defendants' related arguments to the extent that they are applicable to the Court's analysis of the *Landis* factors. With these principles in mind, the Court considers the *Landis* factors as they relate to this case.

**2.     Possible Damage Resulting from a Stay**

Here, Defendants request an order staying the instant litigation until the determination in ITC Investigation No. 337-TA-746 becomes final, including any appeals. According to the ITC's latest order remanding issues to the Chief Administrative Law Judge ("ALJ"), the target date for a Final Determination from the ITC is March 25, 2013, after which appeals can be taken. (ITC Order, ECF No. 27-3 Exh. B.) Assuming that the ITC investigation is appealed to the Court of Appeals for the Federal Circuit, such a stay may at least a year, and potentially longer.

In opposing Defendants' motions, Overland argues that a stay would cause substantial and irreparable harm by allowing Defendants, its direct competitors, to continue infringing Overland's patents. (1597, ECF No. 19 at 7-9; 1598, ECF No. 19 at 7-8; 1605, ECF No. 27 at 9-12.) Specifically, Overland argues that a stay would cause: (1) delay of claim resolution; (2) delay of any injunctive relief; and (3) the possible loss of testimonial and documentary evidence. (*Id.*)

*A.     Potential delay*

The Court finds that Overland's arguments are contradicted, at least in part, by its own actions. There is evidence that Overland has itself delayed in pursuing its claims against some or all of the Defendants despite knowing of their infringing activities for at least one year. Further, despite their stated intent to the contrary, Overland has yet to request preliminary injunctive relief from the Court although the actions have been pending for over five months. As discussed by Defendants, it is also questionable whether Overland would be successful in obtaining such injunctive relief.

To obtain a preliminary or permanent injunction, the plaintiff must establish "irreparable harm. *See, e.g.*, *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."); *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006) ("A plaintiff [seeking a permanent injunction] must demonstrate: (1) that it has suffered an irreparable injury; (2)

1 that remedies available at law, such as monetary damages, are inadequate to compensate for that 2 injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy 3 in equity is warranted; and (4) that the public interest would not be disserved by a permanent 4 injunction."). Here, Overland has licensed the patents-in-suit to a competitor, IBM. Therefore, there 5 is at least some indication that money damages would be adequate to remedy any harm to Overland. 6 *See Advanced Cardiovascular Sys. v. Medtronic Vascular*, 579 F. Supp. 2d 554, 560 (D. Del. 2008). 7 Accordingly, this factor does not weigh strongly against the grant of a discretionary stay.

### B.     *Possible loss of evidence*

Delaying a trial increases "the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts." *Clinton*, 520 U.S. at 708. Therefore, this danger is inherent in any stay and must be considered by the Court. Here, Plaintiff argues that a potential stay of two or more years may result in the loss of testimonial and documentary evidence. Because the Court is granting a discretionary stay until March 25, 2013, rather than the conclusion of any appeal of the ITC Final Determination, the Court finds that this factor does not weigh strongly against the grant of a discretionary stay.

### 3.     **Possible Hardship to Defendant Resulting from Going Forward**

Defendants argue that a stay is necessary to avoid potential prejudice from parallel proceedings and inconsistent rulings. Specifically, Defendants argue that allowing this case to proceed would forgo efficiencies and risk inconsistent rulings as to claim construction, priority date, and invalidity. (1605, ECF No. 25-1 at 7.)

As noted by Overland, "being required to defend a suit does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Overland argues that Defendants have therefore not met their "extraordinary burden of proof required for a discretionary stay." (1597, ECF No. 19 at 6-7; 1598, ECF No. 19 at 5-6; 1605, ECF No. 27 at 7-8.)

Although Overland asserts that Defendants bear an "extraordinary" burden of proof for a discretionary stay, Defendants are only required to "make out a clear case of hardship" if there is a "fair possibility that the stay . . . will work damage to someone else." *CMAX*, 300 F.2d at 268. As

discussed above, the Court finds that Overland's contentions of irreparable harm and prejudice are questionable, especially where the Court has abbreviated the duration of the stay to less than four months. Therefore, while it is true that Defendants have failed to make a strong showing of possible hardship from going forward, this factor neither supports nor undermines the case for granting a discretionary stay.

**4.    The "Orderly Course of Justice"**

Finally, the Court considers "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay." *Cmax*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55). The Court finds that this factor supports a stay because the ITC's investigation will simplify the issues to be decided by the Court in this litigation.

Here, the ITC's latest order remands the investigation to the Chief ALJ for the specific purpose to "make findings regarding invalidity . . . and to issue a final initial remand determination on invalidity of the asserted claims of the '766 patent." (ITC Order, ECF No. 27-3 Exh. B. at 2.) ITC determinations, as Overland argues, are not binding on the Court. *Tex. Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996) ("[W]e have stated that Congress did not intend decisions of the ITC on patent issues to have preclusive effect."). However, "[t]he district court can attribute whatever persuasive value to the prior ITC decision that it considers justified." *Id.* Because the validity of the '766 patent is highly relevant to the cases at hand,[7] the Court finds that a discretionary stay would promote "the orderly course of justice."

## CONCLUSION

Upon weighing the competing interests that will be affected by the granting or refusal of the stay, the Court finds that the grant of a discretionary stay will promote the dual interests of efficiency and fairness. For the reasons set forth herein, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motions for a discretionary stay. The Court **GRANTS IN PART** Defendants' motions to stay the case until March 25, 2013, or a Final Determination from the ITC in Investigation Number 337, whichever comes first, and **DENIES IN PART** Defendants' motions

---

[7] This is especially true as to Defendant Qualstar, as the '766 patent is the only patent Overland has asserted against it. (1605, ECF No. 1 ¶ 1.) Therefore, invalidity of the '766 patent would preclude the action in its entirety.

to stay the case during the duration of any appeals of the Final Determination from the ITC. Accordingly, the Court **DIRECTS** the clerk to stay these cases pending ITC Investigation No. 337.

Upon a Final Determination from the ITC, the Court **SHALL DETERMINE** whether the discretionary stay should be lifted or continued.  The Court further **ORDERS** the parties to submit to the Court a motion to lift the stay in this matter within seven days of March 25, 2013 or a Final Determination from the ITC in Investigation No. 337, whichever comes earlier.

**IT IS SO ORDERED**.

DATED: December 11, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge