SEAN C. CUNNINGHAM (Bar No. 174931)
sean.cunningham@dlapiper.com
ERIN P. GIBSON (Bar No. 229305)
erin.gibson@dlapiper.com
JACOB D. ANDERSON (Bar No. 265768)
jacob.anderson@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

BRENT K. YAMASHITA (Bar No. 206890)
brent.yamashita@dlapiper.com
ROBERT BUERGI (Bar No. 242910)
robert.buergi@dlapiper.com
SUMMER KRAUSE (Bar No. 264858)
summer.krause@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for PLAINTIFF
OVERLAND STORAGE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OVERLAND STORAGE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRA LOGIC CORPORATION,<br><br>Defendant. | CASE NO. 3:12-cv-1597-JLS-BLM<br><br>**OVERLAND STORAGE, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO SPECTRA LOGIC CORPORATION'S MOTION TO STAY LITIGATION PENDING THE FINAL DETERMINATION IN A RELATED INTER PARTES REVIEW PROCEEDING BEFORE THE UNITED STATES PATENT AND TRADEMARK OFFICE**<br><br>Date:   November 7, 2013<br>Time:  1:30 p.m.<br>Dept.:  Courtroom 6 – 3rd Floor<br>Judge: Hon. Janis L. Sammartino |

Plaintiff Overland Storage, Inc. ("Overland Storage") hereby submits this opposition to Defendant Spectra Logic Corporation's ("Spectra Logic") Motion to Stay Litigation Pending the Final Determination in a Related Inter Partes Review Proceeding Before the United States Patent and Trademark Office ("USPTO").

Spectra Logic's motion constitutes an unnecessary and overreaching attempt to further delay Overland Storage's infringement claims on two patents, only one of which is subject to a not-yet-granted request for *inter partes* review at the USPTO. The Court should deny Spectra Logic's motion for at least two reasons. First, Spectra Logic's motion should be denied as premature, because the USPTO has yet to decide whether it will grant Spectra Logic's petition for *inter partes* review of U.S. Patent No. 6,328,766 ("the '766 patent"). Second, even if the USPTO grants review of the '766 patent, the Court should deny Spectra Logic's request to also stay Overland Storage's claims for infringement of U.S. Patent No. 6,353,581 ("the '581 patent"). No party has sought review of the '581 patent at the USPTO, and the '581 patent does not relate to the '766 patent. Thus, Overland Storage requests that the Court deny Spectra Logic's motion to stay as premature. If the USPTO grants review of the '766 patent, Overland Storage requests that the Court allow the patent infringement claims on the '581 patent to proceed unencumbered by any stay.

## I. A STAY OF THE '766 PATENT CLAIMS IS PREMATURE BECAUSE THE USPTO HAS NOT GRANTED SPECTRA LOGIC'S *INTER PARTES* REVIEW PETITION.

The Court should deny Spectra Logic's motion to stay this case as premature until the USPTO rules on the threshold question of whether to grant Spectra Logic's petition for *inter partes* review of the '766 patent. A stay of a patent infringement action "is not warranted when based on nothing more than the fact that a petition for *inter partes* review as filed in the USPTO." *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, 6:12-CV-1727-ORL-37, 2013 WL 1969247, at *2 (M.D. Fla. May 13, 2013); *see also Dane Techs., Inc. v. Gatekeeper Sys., Inc.,* No. 12-2730 ADM/AJB, 2013 WL 4483355, at *2 (D. Minn. Aug. 20, 2013) (denying

stay before the USPTO makes a decision on a petition because "the Court can only speculate as to whether the USPTO will review a patent and to what extent"). The USPTO takes up to six months to decide whether it will initiate an *inter partes* review—and if the USPTO does not grant the petition for review, this case "will have been left languishing in the Court's docket with no discovery, no positioning of the parties on claim construction, and no dispositive motions." *See Automatic Mfg.*, 2013 WL 1969247, at *2. If the USPTO grants the petition, the proceedings could last for nearly two years, a delay that risks "unnecessarily impairing [a party's] patent rights." *Davol, Inc. v. Atrium Med. Corp.*, Case No.12-958-GMS, 2013 WL 3013343, at *2 (D. Del. June 17, 2013) (finding the fact that *inter partes* review had not yet been granted weighed against granting stay). Accordingly, courts routinely deny as premature motions to stay prior to the USPTO's decision to grant *inter partes* review. *See, e.g., Warsaw Orthopedic, Inc. v. Nuvasive, Inc.*, Case No. 12-cv-2738-CAB (MDD), ECF 69, (S.D. Cal. May 30, 2013) (denying motion to stay because decision to grant *inter partes* review was pending); *Universal Electronics v. Universal Remote Control, Inc.*, -- F.Supp.2d. ----, 2013 WL 1876459, at *5-7 (C.D. Cal. May 2, 2013) (denying motion to stay and noting the lengthy delay possible because the *inter partes* review petition had not yet been granted); *Proctor & Gamble Co. v. Team Techs., Inc.*, Case No. 1:12-cv-552, 2013 WL 4830950, at *3-4 n.1 (S.D. Ohio Sept. 10, 2013) (denying motion to stay as premature where *inter partes* review petition was not yet granted; collecting similar cases from other districts).

Here, Spectra Logic filed its petition for *inter partes* review of the '766 patent on June 14, 2013. Approximately two months likely remain before the USPTO decides whether to grant or deny *inter partes* review. This delay alone, which could ultimately result in "little to show" if Spectra Logic's petition is denied, would "unduly prejudice [and] present a clear tactical disadvantage" to Overland Storage. *Automatic Mfg.*, 2013 WL 1969247, at *3. Overland Storage

should be able "to prosecute its claims, to take discovery, and to set its litigation positions, at least until such a time as the USPTO takes an interest in reviewing the challenged claims." *Id.*

Thus, Overland Storage requests that the Court deny Spectra Logic's premature request to stay this case. If the USPTO grants *inter partes* review of the '766 patent, Overland Storage does not intend to oppose a stay of its '766 patent claims at that point—so long as a stay does not extend to the '581 patent not subject to USPTO review, as set forth below.

## II. A STAY OF THE '581 PATENT CLAIMS IS NOT WARRANTED, BECAUSE THE '581 PATENT IS NOT RELATED TO THE '766 PATENT AND IS NOT INVOLVED IN ANY USPTO REVIEW PROCEEDING.

Spectra Logic's motion devotes surprisingly little attention to whether staying this case as to the '581 patent infringement claims is appropriate, when that patent is not subject to USPTO review. Spectra Logic fails to cite a single case in support of its request, and instead relies on conclusory and false assertions. The Court should reject Spectra Logic's legally and factually unsupported arguments for at least four reasons.

First, Spectra Logic fails to cite any legal authority in support of its request to stay the case as to the '581 patent, which is not subject to any USPTO review request or proceeding. Courts routinely deny motions to stay patent claims not subject to USPTO review, even where other patents in the same lawsuit are under review. *See, e.g.*, *Biomet Biologics, LLC v. Bio Rich Med., Inc.*, Case No. SACV 10–1582 DOC (PJWx), 2011 WL 4448972 (C.D. Cal. Sept. 26, 2011) (even if a stay were granted as to the patent under review, the court would still litigate two unrelated patents not subject to *ex parte* reexamination); *Network Appliance Inc. v. Sun Microsystems Inc.* Case No. C-07-06053 EDL, 2008 WL 2168917, at *4, 6 (N.D. Cal. May 23, 2008) (staying case as to one patent "in the actual reexaminations" and denying stay as to patent where PTO did not grant

reexamination to the majority of the claims); *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 616-17 (E.D. Tex. 2007) (granting stay only as to patents in *inter partes* reexamination that shared the same specification, were part of the same patent family, and had claims directed to the same technology, while denying stay as to unrelated patents not in *inter partes* reexamination); *CCP Sys. AG v. Samsung Electronics Corp.*, Case No. 09–CV–4354 DMC–JAD, 2010 WL 5080570 (D.N.J. Dec. 7, 2010) (granting stay as to patents in *inter partes* reexamination but denying stay as to claims unrelated to patents in reexamination).  Similarly here, no one has sought USPTO review of the '581 patent, and the Court should allow the '581 patent infringement claims to proceed as a result.

Second, Spectra Logic incorrectly asserts that "Overland has represented that it may limit its allegations as to the '581 Patent to as few as three claims," and that consequently the "focus and gravamen of the lawsuit is the '766 Patent."  Dkt. No. 34-1 at 9.  The citation does not support the conclusion.  The citation reads: "At a minimum, Overland Storage intends to assert claims 10, 12 and 16 of the '581 patent."  Dkt. No. 39 at 5.  Moreover, Overland Storage's complaint asserts that the Spectra Logic accused products practice "each of the limitations of independent claims 1, 10, 16, and 19 and dependent claims 2, 5, 6, 7, 9 and 12 of the '581 patent."  Dkt. No. 1 at ¶ 28.  Overland Storage has never represented that its '766 patent infringement claims are somehow more important than its '581 patent infringement claims.  The Court should reject Spectra Logic's incorrect assertions concerning the primacy of the '766 patent to this case.

Third, Spectra Logic misrepresents that the '581 patent and the '766 patent are somehow related, when these patents have almost nothing to do with one another.  Overland Storage owns both patents and asserts the '581 patent against one of the Spectra Logic tape libraries that is also accused of infringing the '766 patent.  Any purported similarities end there.  The '766 patent teaches the manner in which a tape library is virtually partitioned for use with multiple host computers,

while the '581 patent teaches a mechanical structure of a tape library. The patents have different inventors, different specifications, and different claims. Litigating the patent claims will involve unrelated claim construction issues, different technical infringement analysis and related discovery, and different validity challenges. Thus, proceeding to litigate Overland Storage's '581 patent infringement claims would not be inefficient, let alone "extraordinarily inefficient" as Spectra Logic suggests. Dkt. No. 34-1 at 9; *see Anascape*, 475 F. Supp. 2d at 615 ("in multiple patent cases . . .the court must examine each patent, and each request for reexamination, individually with an eye toward balancing simplification of the issues against speedy resolution of the disputes between the parties"); *Network Appliance*, 2008 WL 2168917, at *3 (denying stay as to two of the patents-in-suit; "staying a case even in early stages pending reexamination has not led to the just, speedy, and efficient management of the litigation").

Fourth, Spectra Logic wrongly asserts that Overland Storage unjustifiably delayed in pursuing its case against Spectra Logic, and that Overland Storage took discovery of Spectra Logic in the ITC investigation. *Id.* at 10. Overland Storage filed its complaint against Spectra Logic approximately <u>one week</u> after Chief Administrative Law Judge Bullock issued a favorable Initial Determination against BDT, IBM and Dell in the ITC investigation. *See* Dkt. No. 19 at 2. As the Federal Circuit has recognized, "[a] patentee does not have to sue all infringers at once." *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 975 (Fed. Cir. 1996) ("Picking off one infringer at a time is not inconsistent with being irreparably harmed."). Thus, the fact that Overland Storage did not assert its patents against Spectra Logic until receipt of a favorable Initial Determination does not suggest that Overland Storage was dilatory. Moreover, Spectra Logic's argument that "Overland had an opportunity to seek discovery from . . . Spectra Logic" in the ITC undermines the credibility of Spectra Logic's motion. Dkt. No. 34-1 at 10. Spectra Logic flatly refused to comply with Overland Storage's subpoenas in the ITC, because Overland

Storage would not agree to waive its infringement claims against Spectra Logic in exchange for the discovery. *See* Dkt. No. 19 at 3 (quoting Spectra Logic email: "I think your client [Overland Storage] simply needs to decide which is more important to it -- evidence that might support it's [sic] present litigation [in the ITC] or holding on to potential future defendants. It appears to us that we would all be better off if they opted for the former."). Overland Storage will rely upon Spectra Logic's request to condition compliance with a subpoena on a waiver of Overland Storage's infringement claims as proof of willful infringement in this case. The Court should reject Spectra Logic's misleading argument that Overland Storage had an "opportunity" to take discovery that Spectra Logic flatly refused to provide.

### III. CONCLUSION.

Overland Storage requests that the Court deny Spectra Logic's motion to stay as premature because the USPTO has not yet decided whether to grant review of the '766 patent. If the USPTO grants review of the '766 patent, Overland Storage requests that the Court deny Spectra Logic's motion to stay the unrelated '581 patent infringement claims, which are not subject to any USPTO review request.

Dated: October 24, 2013

DLA PIPER LLP (US)


By  */s/ Sean C. Cunningham*
SEAN C. CUNNINGHAM
BRENT K. YAMASHITA
ERIN P. GIBSON
ROBERT BUERGI
JACOB D. ANDERSON
SUMMER KRAUSE

Attorneys for Plaintiff
OVERLAND STORAGE, INC.